UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RAYMOND MARTIN, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      09-4195** |
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY** | **SECTION: "S" (4)** |

ORDER

Before the Court is an **Ex Parte Motion and Order to Quash Subpoena Duces Tecum Under FRCP 45(c)(3)(A)(iii), FRCP 45(d)(2)(A), FRE 501 and LCE Art. 515, Et. Seq. (R. Doc. 117)** filed by the Movant, Hickory Glade, Inc., through its Officer, William M. Magee, seeking an Order quashing the subpoena duces tecum issued by the Plaintiffs, Lloyd Raymond Martin, III and Nicole Easterwood Martin (collectively, "the Plaintiffs") pursuant to Federal Rules of Civil Procedure 45(c)(3)(A)(iii) and 45(d)(2)(A) and Federal Rule of Evidence 501, and Louisiana Code of Evidence 515, *et seq.*. The Plaintiffs oppose the motion. (R. Doc. 64.) The Plaintiffs filed a supplemental response to their opposition. (R. Doc. 128.) This motion was heard with oral argument on **March 30, 2011**.

I.     **Background**

Fidelity insured Martin under a title insurance policy and Martin filed suit against Fidelity on June 29, 2009, for breach of the title insurance contract arising from an alleged defect in the title of the property. The defect in the title was allegedly created by William Magee ("Magee"), who was previously in possession of the property. To cure the alleged defect, Fidelity found the heirs of

William C. Nill, the last known owner of the property, and was able to get them to quitclaim their interest in the property to Martin.  The documents were provided to the Plaintiffs.

Fidelity has filed third-party claims for breach of warranty of title against Magee and the Coate Defendants, who were in possession of the property after Magee.  Magee, who is an attorney licensed in Louisiana, used one of his companies, Hickory Glade, Inc. ("Hickory"), to quitclaim the property at issue to himself in 2001.  Fidelity claims that Magee did not pay any money to obtain the property from Hickory Glade and Hickory Glade did not appear anywhere in the chain of title to the property until Magee recorded the quitclaim deed in February 2001.  Fidelity alleges that the public records indicate that the last owner of the property was William C. Nill, who acquired the property by deed on July 28, 1959.

In April 2002, Magee filed a declaratory action in state court claiming that he had been in possession of the property for over a year, and that this possession gave him ownership of the property.  William C. Nill and Herbert Nill were named as defendants in the action, but the suit claimed that the Nills could not be located and asked that a curator be appointed to attempt to find them or defend the suit for them.  Fidelity claims that the curator then allowed a default judgment to be entered against the Nills and the state court declared Magee the owner of the property, despite his having only alleged one year of possession, far short of the 30 years required for acquisitive prescription.

Magee then sold the property to Buddy Coate Homes, LLC, and allegedly received $30,000 for the property.  Magee then represented Buddy Coate Homes, LLC, in another declaratory action against the Nills.  In the action, Magee argued that the default judgment previously awarded to him was somehow invalid and did not transfer title.  The same curator was appointed to represent the interest of the Nills and Buddy Coate Homes, LLC was granted a declaratory judgment.  Buddy

Coate Homes, LLC later sold the property to Mark and Kristin Graziani, who then sold the property to Martin, the Plaintiff in this matter.

As to the instant motion, on February 8, 2011, the Plaintiffs served Gary F. Reynolds, CPA, the accountant for Hickory Glade, with a subpoena duces tecum which requires that various financial documents be produced by March 10, 2011, at 3:00 p.m. Hickory Glade contends that the documents requested are irrelevant , privileged, and not subject to discovery. The Plaintiffs oppose the motion.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a

court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

### III.  Analysis

On February 8, 2011, Gary Reynolds was served with a subpoena duces tecum which requests,

> All documents, legers, tax preparation materials, tax returns, financial projections and other documents in hard-copy or electronic form, pertaining to the domestic company, Hickory Glade, Inc., for all the years from its formation until its dissolution in January, 2010, including but not only all tax returns and attachments for those years and for the year 2010 as well. These documents to be collected by this federal process server.

(R. Doc. 63-4, p.1.) Hickory Glade contends that the subpoena requests all of the financial records of Hickory Glade from the date of inception, 1991, through January 2010. Hickory Glade contends that these documents are privileged and irrelevant.

The Plaintiffs contend that the documents are relevant because ""Hickory Glade, Inc. was the cause in fact of the damages and injuries suffered by the Martins as well as the damages suffered by their lending institution and title company." (R. Doc. 118, p. 2.) The Plaintiffs further aver that the "Federal Rules of Discovery do not provide immunity from the production of records related to a defendants' actions especially when those actions are RICO predicate acts . . . ." *Id.*

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished

4

voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F.Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996); *Cruz v. United States*, No. 3:09-cv-155-J-25TEM, 2010 WL 2612509 (M.D. Fla, June 25, 2010).

"Rule 26 embraces all 'relevant information' a concept which is defined in the following terms: 'Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Victor v. Lawler*, 3:08-CV-01374, 2010 WL 2595945, at * 2 (M.D. Pa. June 24, 2010); *see also United States v. Shaw*, No. 04-2503 RDR, 2005 WL 3418497, at * 1 (D. Kan. 2005)(stating that relevancy is broadly construed to "as a general proposition, a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party"(quoting *Sheldon v. Vrmonty*, 203 F.R.D. 679, 689-90 (D. Kan. 2001))).

Although in their submissions and at the hearing, the Plaintiffs contended that Hickory Glade is a party to this action, a review of the record demonstrates that Hickory Glade has never been named as a party. Further, the only appearance that Hickory Glade has made in this action was for purposes of quashing the subpoena duces tecum at issue. Therefore, Hickory Glade is a Movant in the above captioned matter but <u>not</u> a party.

Furthermore, to the degree that the Plaintiffs contend that the financial information is relevant because Hickory Glades actions are "RICO predicate acts," there are no RICO allegations in the instant matter. The only RICO allegations relate to a different lawsuit filed by the Plaintiffs. *See Martin v. Magee*, Civ. Action. 10-2786 "S"(4), Eastern District of Louisiana (Aug. 19, 2010). The instant action relates to Martin's claim against Fidelity for breach of the insurance contract arising from the alleged defect in the title of the property, and Fidelity's counterclaim against individuals in the chain of title to the property at issue.

The Plaintiffs have failed to demonstrate why the financial information sought from Hickory Glade is relevant to the instant matter. Hickory Glade is not, and has never been a party to this action. Further, the action relates to an alleged breach of contract by Martin against Fidelity, and Fidelity's third party claims for breach of warranty against various individuals in the chain of title. The case does <u>not</u> involve any alleged RICO violations by Hickory Glade. Therefore, the Court finds that the materials requested are irrelevant to the instant matter and are not reasonably calculated to lead to the discovery of relevant evidence under Rule 26 of the Federal Rules. As a result, the motion to quash is granted.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that the **Ex Parte Motion and Order to Quash Subpoena Duces Tecum Under FRCP 45(c)(3)(A)(iii), FRCP 45(d)(2)(A), FRE 501 and LCE Art. 515, Et. Seq. (R. Doc. 117)** is hereby **GRANTED.**

New Orleans, Louisiana, this 1st day of April, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**