```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


LLOYD RAYMOND MARTIN, III, ET            CIVIL ACTION
AL.


VERSUS                                   NO: 09-4195


FIDELITY NATIONAL TITLE                  SECTION: R(4)
INSURANCE COMPANY
```

### ORDER AND REASONS

In this action under a title insurance policy, plaintiffs Lloyd and Nicole Martin move for summary judgment as to certain facts relating to their property.[1]  Because plaintiffs have not explained the relevance of those facts to their claims or set out why they are entitled to judgment as a matter of law, plaintiffs' motion is DENIED.

### I.  Background

This case arises out of an alleged defect in plaintiffs' title to a property in St. Tammany Parish, Louisiana.  The Martins bought that property on January 31, 2007 and purchased a title insurance policy from Fidelity National Title Insurance Company.[2]  Plaintiffs allege that as they prepared to sell the

---

[1]  R. Doc. 111.

[2]  Plaintiffs allege at some points that they bought the property on July 31, but the underlying documentation indicates that they bought the property on January 31, 2007.  The date of purchase does not affect the outcome of this motion.

property in December of 2008, they were informed by the closing agent for the purchaser that the property has a title defect. For this reason, plaintiffs were unable to complete the sale, and they still possess the property. Plaintiffs filed a claim against Fidelity under the title insurance policy on February 10, 2009 but allege that Fidelity has not paid any part of their claim.

On June 29, 2009, the Martins sued Fidelity, alleging that Fidelity breached the title insurance policy, as well as certain Louisiana statutes. Fidelity then filed a third-party complaint against William Magee, the Great Commission Foundation of Campus Crusade for Christ, Buddy Coate Homes and related entities, James Coate, and Mark and Kristen Graziani.[3] Fidelity alleges that to the extent it is liable to plaintiffs under the title insurance policy, the third-party defendants are liable to Fidelity for breach of warranty of title and warranty against eviction. The Grazianis, who sold the property to the Martins, then filed a cross-claim against the other third-party defendants on the same grounds.[4]

Judge Mary Ann Vial Lemmon dismissed this case for failure to meet the amount in controversy requirement on August 18,

---

[3]  R. Doc. 8.

[4]  R. Doc. 24.

2010,[5] but then vacated that order on November 10, 2010.[6] In the meantime, the Martins had filed another action against Fidelity and its officer Ronald Wood (Case No. 10-3595). That case has been dormant since the dismissal in this case was vacated. Plaintiffs have also filed a related RICO action against William Magee, the Buddy Coate entities, James Coate, the Grazianis, and a number of other parties (Case No. 10-2786) alleging that the defendants engaged in a wide-ranging scheme to use fraudulent quitclaim deeds to take numerous properties from their rightful owners. Defendants in that case have moved to dismiss, and those motions are pending before this Court.

Returning to this case, on December 15, 2010, Judge Lemmon denied a motion for summary judgment filed by William Magee, James Coate, and the Buddy Coate entities.[7] The Court held that the third-party claims against those defendants are not foreclosed by the *Rooker-Feldman* doctrine and that there are genuine issues of material fact as to whether the Martins' title to the property is unmerchantable. The case was transferred to this Section of the Court,[8] and the Martins have now moved for

---

[5]   R. Doc. 85.

[6]   R. Doc. 97.

[7]   R. Doc. 105.

[8]   R. Doc. 126.

summary judgment.[9]  Fidelity has not responded to plaintiffs' motion for summary judgment, but third-party defendants William Magee, James Coate, and the Buddy Coate entities have responded.

## II. Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must

---

[9]  R. Doc. 111.

come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith for and on Behalf of Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

**III. Discussion**

Plaintiffs move for summary judgment "as to facts regarding Hickory Glade, Inc.'s quitclaim deeds, forgeries, notarization & fraud." According to plaintiffs, the property in question was the subject of a fraudulent quitclaim deed executed on February 14, 2001 in which Hickory Glade purported to convey its interest in the property to William Magee, an officer of Hickory Glade. Plaintiffs contend that Hickory Glade had no interest in the property at the time of the conveyance and that Hickory Glade President Timothy Dunaway's signature on the quitclaim deed was forged. Plaintiffs ask the Court to find:

> 1. That Hickory Glade, Inc. had no ownership of or no ownership interest in the Martin property;
> 2. That Hickory Glade President Timothy A. Dunaway's signatures were forged;
> 3. That Dunaway's forged signatures were notarized and witnesse[d] by lawyers and employees in the William M. Magee law firm;
> 4. That Magee and his law partners filed these forged documents into the public record in order to obtain the declaratory judgment related to the Martin property.[10]

In support of these contentions, plaintiffs have provided an affidavit in which Timothy Dunaway states that Hickory Glade had no interest in the property described in the quitclaim deed and that he never signed that deed.[11] Plaintiffs have also provided a report from Mary Ann Sherry, a document examiner, indicating that Timothy Dunaway's purported signature on the quitclaim deed

---

[10] R. Doc. 111 at 15.

[11] R. Doc. 111-6.

is a forgery.[12]  Finally, plaintiffs have provided a report by Joseph DiMaria, an attorney, who opines that Magee's methods of obtaining ownership of property are unethical.[13]

The Court denies plaintiffs' motion for summary judgment because plaintiffs do not set out the legal consequences of the facts they ask the Court to find.  Fed. R. Civ. P. 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Plaintiffs have not identified a claim, defense, or a part of a claim or defense on which they seek summary judgment.  Further, plaintiffs have not shown that they are entitled to judgment as a matter of law on any such claim or defense.  This failure is dispositive of plaintiffs' motion.  In *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996), the Fifth Circuit stated: "A summary judgment requires determining not only whether there are material fact issues, but also, if there are none, whether the prevailing party is entitled to judgment as a matter of law."  *Id.* at 1423 n.11.  The court then stated that "[b]oth considerations are legal issues (questions of law);

---

[12]    R. Doc. 111-7.

[13]    R. Doc. 111-8.

7

neither is a finding of fact." *Id.* Indeed, the court noted, "summary judgment is simply another form of *judgment as a matter of law*[.]" *Id.* (emphasis in original).

Rather then setting out why they are entitled to judgment as a matter of law on any claim or defense, plaintiffs simply set out a number of facts and ask the Court to rule on them. Further, large portions of plaintiffs' motion appear to be copied from their voluminous responses to defendants' motions to dismiss in the related RICO matter and have no apparent application here. Plaintiffs ask the Court to find facts that may be useful to them in their RICO action, but such findings would not be appropriate on summary judgment in this case. Therefore, the Court must deny plaintiffs' motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, plaintiffs' motion for summary judgment is DENIED.

New Orleans, Louisiana, this 31st day of May, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE