UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOYD MARTIN AND NICOLE MARTIN, ET AL. | CIVIL ACTION |
| VERSUS | NO: 09- 4195 |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY | SECTION: R(4) |

**ORDER AND REASONS**

Before the Court is a motion to appeal the Magistrate Judge's decision denying third-party defendants William Magee, James Coate and the Buddy Coate entities' motion to compel discovery responses and documents from plaintiffs Lloyd and Nicole Martin, and denying third-party defendants' request to redepose plaintiffs.  For the following reasons, the Magistrate Judge's denial of third-party defendants' motion is REVERSED and plaintiffs are ordered to respond to discovery as set forth in this order.

**I. Background**

This case arises out of an alleged defect in plaintiffs' title to a property in St. Tammany Parish, Louisiana.  The Martins bought that property on January 31, 2007 and purchased a title insurance policy from Fidelity National Title Insurance

Company.[1]  Plaintiffs allege that when they prepared to sell the

property to the Sachitanos in December of 2008, they were

informed by the closing agent for the purchaser that the property

had a title defect.  For this reason, plaintiffs were unable to

complete the sale, and they still possess the property.

Plaintiffs made a claim against Fidelity under the title

insurance policy on February 10, 2009.

Plaintiffs allege that Fidelity has not paid any part of

their claim.  Accordingly, the Martins sued Fidelity, alleging

that Fidelity breached the title insurance policy, as well as

certain Louisiana statutes.  Fidelity filed a third-party

complaint against William Magee, the Great Commission Foundation

of Campus Crusade for Christ, Buddy Coate Homes and related

entities, James Coate, and Mark and Kristen Graziani.[2]  Fidelity

alleges that to the extent it is liable to plaintiffs under the

title insurance policy, the third-party defendants are liable to

Fidelity for breach of warranty of title and warranty against

eviction.  The Grazianis, who sold the property to the Martins,

then filed a cross-claim against the other third-party defendants

---

[1]    Plaintiffs allege at some points that they bought the
property on July 31, but the underlying documentation indicates
that they bought the property on January 31, 2007.  The date of
purchase does not affect the outcome of this motion.

[2]    R. Doc. 8.

on the same grounds.[3]

   *A. The Discovery Dispute*

   Third-party defendants served the Martins interrogatories

and requests for production of documents on July 7, 2010.  The

Martins' responses were due on August 6, 2010, and their

depositions were scheduled for August 18, 2010.  On August 10,

2010, third-party defendants advised the Martins that their

responses were overdue and asked to receive the responses by

August 13, 2010.  Plaintiffs produced documents on August 14,

2010 and responses to interrogatories on August 16, 2010.

Plaintiffs did not object to any of the requested discovery.  On

August 17, 2010, third-party defendants filed an expedited motion

to compel more complete discovery responses and documents from

the Martins.[4]  The Magistrate Judge denied the motion[5] finding

that third-party defendants did not point to the specific

discovery requests requiring additional responses and that the

motion did not give the Court sufficient time to consider the

issues.  The Court stated that third-party defendants could re-

file at a later date.

   Third-party defendants proceeded to depose Lloyd and Nicole

Martin on August 18, 2010.  At the deposition, both of the

_____

[3]    R. Doc. 24.

[4]    R. Docs. 80, 81.

[5]    R. Doc. 86.

Martins admitted that relevant documents existed that they had

not produced as part of the discovery process.  Lloyd Martin said

that he was in possession of responsive material, including a

digital recording of a conversation with Mark Graziani, that he

had not produced.  Nicole Martin testified that she possessed

documents that she had not produced, such as an escrow release,

inspection reports and the Grazianis' disclosure form.  During

her deposition, Nicole Martin produced documents from her purse

including a copy of the owner's policy with Fidelity, an escrow

release form, a realtor's listing, and a copy of the Sachitanos'

appraisal.  Those documents were given to third-party defendants

after the deposition.

In the meantime, the case was dismissed and reinstated.  At

a discovery conference held on February 24, 2011, plaintiffs

indicated to third-party defendants that plaintiffs would produce

any responsive materials by March 15, 2011.  When they failed to

do so, third-party defendants refiled their motion to compel

discovery responses on March 25, 2011.[6]  The refiled motion was

not opposed.  In this motion to compel, third-party defendants

argued that despite repeated requests before and after the

depositions of the Martins for more complete responses to their

discovery requests, the Martins failed to conduct an

investigation and produce relevant documents and other responsive

---

[6]    R. Doc. 127.

materials.   Third-party defendants also asked to redepose the

Martins to cover any newly disclosed information.   The Magistrate

Judge denied the motion because she found that third-party

defendants failed to specify which discovery responses were

deficient.[7]   She denied third-party defendants' motion for

additional depositions of Lloyd and Nicole Martin because she

found that third-party defendants did not demonstrate that the

information they sought could not have been gathered through less

burdensome means.   Third-party defendants' appealed the

Magistrate Judge's decision.[8]   The appeal is unopposed.


## II. Standard of Review

Third-party defendants' motion is an appeal from the

Magistrate Judge's Order.   Magistrate judges are empowered by the

United States Code to "hear and determine" certain non-

dispositive pretrial motions.   28 U.S.C. § 636(b)(1)(A).   Federal

law affords a magistrate judge broad discretion in the resolution

of non-dispositive discovery disputes.   *See* FED. R. CIV. P. 72(A);

28 U.S.C. § 636(b)(1)(A).   If a party is dissatisfied with a

magistrate judge's ruling, it may appeal to the district judge,

who may reconsider the ruling and reverse it "where it has been

shown that the magistrate judge's order is clearly erroneous or

---

[7]     R. Doc. 135.

[8]     R. Doc. 144.

contrary to law." *Id.; see also* FED. R. CIV. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Third-party defendants' motion is a non-dispositive pre-trial motion, and the Court reviews it using the clearly erroneous standard.

## III. Discussion

### A. Motion to Compel

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). After receiving interrogatories, the responding party "must serve its answers and any objections within 30 days." FED. R. CIV. P. 33(b)(2). The party resisting discovery is required to show specifically why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *See McLeod, Alexander, Powel & Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)(finding that blanket objections to interrogatory requests did not provide an adequate basis for a protective order). "Any ground not stated in a timely objection

is waived unless the party's failure to object is excused by the court for good cause."  FED. R. CIV. P. 33(b)(4).

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure.  When faced with the failure of a person or party to respond to discovery requests, "a party may move for an order compelling disclosure or discovery."  FED. R. CIV. P. 37(a)(1).  For purposes of Rule 37(a)(1), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  FED. R. CIV. P. 37(a)(4).  A motion to compel may be filed only after the movant confers or attempts to confer with the nonresponsive party to obtain the information without court action, and the motion must certify that this effort was made.   FED. R. CIV. P. 37(a)(1). Third-party defendants complied with this requirement.  Their motion to compel included a certification that they attempted to resolve the discovery dispute with plaintiffs in August of 2010 and February of 2011.[9]

The Magistrate Judge found that third-party defendants' motion could not be granted because "for a second time [third-party defendants]...failed to provide the specific discovery requests...they claim are deficient."[10]  This finding is clear error.  In their refiled motion to compel, third-party defendants

---

[9]    R. Doc. 127-2.
[10]   R. Doc. 139 at 3.

specifically listed the request numbers[11] of the deficient

responses and articulated the type of documents sought under each

request.[12]  The motion states that plaintiffs' responses did not

fully respond to requests for:

> " 'All documents related to the Policy' Defendants' Request
> No. 1
> - 'All documents sent to experts' Defendants' Request No.
> [3]
> - 'All documents received from experts' Defendants' Request
> No. [4]
> - 'All documents received from Mahoney Title Services,
> LLC.' Defendants' Request No. 5
> - 'All Agreements to Buy/Sell to which You have been a
> party' Defendants' Request No. 7
> - 'All contracts sent to Mahony Title Services, LLC.'
> Defendants' Request No. 8
> - 'All correspondence to/from any prospective purchaser'
> Defendants' Request No. 9
> - 'All documents evidencing Your damages' Defendants'
> Request No. 10
> - 'All documents sent to Fidelity' Defendants' Request No.
> 11
> - 'All documents received from Fidelity' Defendants'
> Request No. 12
> - 'All documents You believe demonstrate that the title is
> not merchantable' Defendants'
> Request No. 14".[13]

Accordingly, the Magistrate Judge clearly erred in denying the

motion to compel for failing to identify the discovery

requests that had not been satisfied.

Also significant is that plaintiffs did not object to any

of third-party defendants' discovery requests.  Nor did

plaintiffs file a response to third-party defendants' motion

---

[11]    Defendants' Request Nos. 1, 2, 3, 5, 7, 8, 9, 10, 11, 12 and
14. R. Doc. 127.
[12]    R. Doc. 127 at 4.
[13]    R. Doc. 127-1.

to compel or to this appeal.  Therefore, plaintiffs have waived all objections, and the requested documents must be produced.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)("[W]hen a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").  For all of these reasons, the Magistrate Judge's denial of third-party defendants' motion to compel more complete discovery was clear error and is REVERSED.

   *B. Redeposing the Martins*

   A party must seek leave of the court before redeposing a person whose deposition has already been taken.  FED. R. CIV. P. 30(a)(2)(A)(ii).  Leave is to be granted "to the extent consistent with the principles stated in Rule 26(b)(2)." *Id.* Rule 26(b)(2) in turn directs the court to limit discovery if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the

action, and the importance of the discovery in resolving the

issues.   FED. R. CIV. P. 26(b)(2).

The Magistrate Judge denied third-party defendants'

request for leave to redepose plaintiffs, but her

determination was made in conjunction with her denial of

third-party defendants' motion to compel.   Third-party

defendants argue that the Magistrate Judge's ruling was

clearly erroneous because they were not able to question

plaintiffs about responsive documents that were not produced

before the depositions.   Their argument has merit.   Third-

party defendants inability to meaningfully depose plaintiffs

was caused by plaintiffs' own discovery failures.   Further,

third-party defendants were diligent in seeking to obtain the

information needed to depose the plaintiffs.   The Court

therefore finds that third-party defendants are entitled to

redepose plaintiffs, but the scope of the depositions is

limited to any newly produced material that could not have

been the subject of examination at plaintiffs' first

depositions.   *See PHI, Inc. v. Office & Prof'l Emps. Int'l

Union*, 2009 WL 1530939, *2-3 (W.D. La. May 28, 2009) (allowing

redeposition, but limiting it to the information contained in

the newly prepared Rule 1006 summary); *Hayden v. Acadian Gas

Pipeline Sys.*, 1997 WL 180380, *6 (E.D. La. April 10, 1997)

(permitting a limited redeposition of a witness in order to

allow the defendants to explore the new allegation in the

amended complaint).


*C. Expenses under Rule 37*

Under Rule 37(a)(5)(A), if a motion to compel

"is granted or if the disclosure or requested discovery is
provided after the motion was filed, the court shall, after
giving an opportunity to be heard, require the party or
deponent whose conduct necessitated the motion, the party or
attorney advising that conduct, or both to pay the movant's
reasonable expenses incurred in making the motion, including
attorney's fees."   FED. R. CIV. P. 37(a)(5)(A).

Attorneys' fees are to be manditorily awarded unless the

motion to compel discovery was filed before attempting in good

faith to obtain the disclosure or discovery without court

action, the nondisclosure was substantially justified or other

circumstances make the award unjust. FED. R. CIV. P.

37(a)(5)(A)(i)-(iii); *Merritt v. Int'l Brotherhood of*

*Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981)(quoting the

Federal Rules).

The facts surrounding third-party defendants' motion to

compel do not lend themselves to any of the listed exceptions

of Rule 37(a)(5)(A).  Third-party defendants sought to obtain

the requested discovery without court action, plaintiffs have

asserted no justification for their failure to disclose the

requested discovery materials, and other circumstances do not

make an award unjust.  Therefore, third-party defendants are

entitled to an award of the reasonable attorney's fees and costs that they incurred in bringing the motion to compel.

**III. Order**

Based on the foregoing analysis, the Court enters the following Order.  The Magistrate Judge's order denying third-party defendants' motion to compel and for additional depositions is hereby REVERSED.

IT IS FURTHER ORDERED that by MONDAY, August 22, 2011, plaintiffs shall provide clear, written responses to third-party defendants' requests for production numbers 1, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 14, stating either that all responsive material is being produced or that they have no materials responsive to the request.  These responses must be signed in accordance with the requirements listed in Federal Rule of Civil Procedure 26(g).  All responsive material must be produced to third-party defendants by the same date.

IT IS FURTHER ORDERED that in connection with the award of attorney's fees and costs, the parties are to do the following:

(1)  If the parties agree to the amount of attorney's fees and costs, plaintiffs shall pay third-party defendants that amount.

(2)  If the parties do not agree to the amount, third-

party defendants shall, within fifteen days of the date this Order is signed, submit to the Court a motion, supported by affidavits and in the manner required by Local Rule 54.2, setting forth the amount of costs and attorney's fee incurred in obtaining this Order.

(3) Plaintiffs shall have ten days after the filing of third-party defendants' motion to file an opposition.

New Orleans, Louisiana, this ____3rd____ day of August, 2011.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE