UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOYD MARTIN AND NICOLE MARTIN, ET AL. | CIVIL ACTION |
| VERSUS | NO: 09-4195 |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY | SECTION: R(4) |

**ORDER AND REASONS**

Before the Court is plaintiffs' motion to dismiss for lack of diversity jurisdiction.[1] Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, plaintiffs' motion is DENIED.

I.  BACKGROUND

This case arises out of an alleged defect in plaintiffs' title to a property in St. Tammany Parish, Louisiana. On February 14, 2001, Hickory Glade Inc. conveyed by quitclaim deed any interest it had in a larger parcel that includes the property the Martins now own (the "Martin Property") to defendant William Magee in exchange for ten dollars. Hickory Glade is a Louisiana corporation created by William Magee. According to plaintiffs, the record owner of that larger parcel (the "Nill Property") at

---

[1]  R. Doc. 167.

the time of the February 14, 2001 conveyance was William C. Nill, who bought it on May 6, 1959. Plaintiffs assert that Hickory Glade had no ownership interest in the Nill Property at that time.

On April 9, 2002, Magee filed a petition for declaratory judgment in the 22nd Judicial District Court of Louisiana. In that petition, Magee alleged that he had been in possession of the Nill Property for over one year. Magee asked the court to recognize his ownership of the property if the absent Nill defendants did not file a petitory action asserting any adverse claim of ownership within thirty days. The court appointed defendant Salvador Liberto as curator to represent the absent owner, but plaintiffs allege that Liberto did not contact William Nill's heirs. The state court granted a default judgment to Magee on September 13, 2002.[2]

On April 28, 2005, Magee donated a 26.5 percent interest in the portion of the Nill Property containing the Martin Property to the Great Commission Foundation of Campus Crusade for Christ, Inc. Magee and the Great Commission sold that parcel to Buddy Coate, L.L.C. (or a related Buddy Coate entity) on May 25, 2005. On August 16, 2005, Buddy Coate, represented by Magee, filed a petition for declaratory judgment and to quiet title in the 22nd Judicial District Court requesting that the court recognize its

---

[2] R. Doc. 151-5.

right to possess the property.  That petition states that "the proposed purchaser [of the property] had an examination of the public records conducted which revealed an alleged disturbance in law affecting the subject property."[3]  The state court granted default judgment to Buddy Coate on December 20, 2005.[4]

Buddy Coate built homes on the property and then sold the individual lots.  On October 13, 2005, Buddy Coate sold the Martin Property to Mark and Kristen Graziani with full warranty of title.  Then, on January 31, 2007, the Grazianis sold the property to the Martins with full warranty of title.  On that date, the Martins also obtained title insurance on the property from Fidelity National Title Insurance Company, Inc.[5]

In December of 2008, as the Martins prepared to sell the property to the Sachitanos, the closing agent for the Sachitanos informed them that there was a problem with the title.  For this reason, plaintiffs were unable to complete the sale, and they still possess the property.  Plaintiffs made a claim against Fidelity under the title insurance policy on February 10, 2009.

Plaintiffs allege that Fidelity has not paid any part of

---

[3]   R. Doc. 160-2, p.6.

[4]   R. Doc. 151-5.

[5]   Plaintiffs allege at some points that they bought the property on July 31, but the underlying documentation indicates that they bought the property on January 31, 2007.  The date of purchase does not affect the outcome of this motion.

3

their claim. Accordingly, the Martins sued Fidelity, alleging that Fidelity breached the title insurance policy, as well as certain Louisiana statutes.[6] Plaintiffs filed suit in federal court on the basis of diversity jurisdiction. Plaintiffs are citizens of Louisiana and Fidelity is a California corporation with its principal place of business in Florida. In the complaint, plaintiffs asserted that the amount in controversy exceeds $75,000.

Fidelity filed a third-party complaint against William Magee, the Great Commission Foundation of Campus Crusade for Christ, Buddy Coate Homes and related entities, James Coate, and Mark and Kristen Graziani.[7] Fidelity alleges that to the extent it is liable to plaintiffs under the title insurance policy, the third-party defendants are liable to Fidelity for breach of warranty of title and warranty against eviction. The Great Commission Foundation is a California non-profit organization with its principal place of business also in California. The Buddy Coate Home entities are Louisiana corporations and limited liability companies with their principal place of business in Louisiana. William Magee, James Coate, and the Grazianis are all citizens of Louisiana for purposes of diversity jurisdiction.

---

[6]   R. Doc. 1.

[7]   R. Doc. 8.

On August 17, 2010, the Court found that the amount in controversy did not exceed $75,000 and dismissed the case for lack of subject matter jurisdiction.[8]  On November 10, 2010, the Court granted defendants' motion to alter the judgment dismissing the case and the case was reinstated.[9]  Plaintiffs now seek dismissal on the grounds that the Court lacks subject matter jurisdiction.

## II.  STANDARD

Federal courts are courts of limited jurisdiction and possess power only over those cases authorized by the United States Constitution and federal statutes.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required.  *See* FED. R. CIV. P. 12(b)(1).  The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court.  *See Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance.");  *McDonal v. Abbott Labs*, 408 F.3d 177, 182 n.5 (5th Cir.

---

[8]     R. Doc. 85.

[9]     R. Doc. 97.

2005)("[A]ny federal court may raise subject matter jurisdiction sua sponte.").

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001)(citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The party asserting jurisdiction generally bears the burden of establishing that the district court possesses jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

**III. DISCUSSION**

Diversity jurisdiction exists only when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

*A. Complete Diversity*

Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)(citing *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). "[F]ederal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003).

Contrary to plaintiffs' assertion, Fidelity's joinder of William Magee, The Great Commission Foundation of Campus Crusade for Christ, Inc., the Buddy Coate entities and Mark and Kristen Graziani, as third-party defendants does not defeat diversity jurisdiction.

District courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Further, "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.* Third-party defendants are the individuals and entities in the chain of title to the property at issue in this lawsuit, and Fidelity's claims against third-party defendants arise out of the allegedly

7

defective title.  Fidelity's claims against the third-party defendants, therefore, "form part of the same case or controversy" and "derive from a common nucleus of operative fact" so as to meet the demands of section 1367(a) and Article III.  28 U.S.C. 1367(a); *see also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997)(applying the *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) "common nucleus" test in the analysis of supplemental jurisdiction).

Section 1367(b), however, restricts the jurisdiction allowed by section 1367(a).  When the Court's original jurisdiction is based solely on diversity, the Court does not have supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24" when "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."  28 U.S.C. § 1367(b).  The Fifth Circuit has held that the term "'plaintiff' in § 1367(b) refers to the original plaintiff in the action- not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff."  *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004).  This means that "a *defendant's* impleader under Fed. R. Civ. P. 14 of a party that is not diverse from the plaintiff does not destroy jurisdiction." *Kemper/Prime Indus. Partners v. Montgomery Watson Americas*, *Inc.*, 487 F.3d 1061, 1063 (7th Cir. 2007)(emphasis added); *see also*

*Spring City v. American Bldgs. Co.*, 193 F.3d 165, 169 (3d Cir. 1999)(finding that a third-party defendant joined under Rule 14 does not become a defendant as against the original plaintiff and therefore does not destroy diversity jurisdiction).  This Court's original jurisdiction in this case is based on diversity.  Fidelity impleaded William Magee, The Great Commission Foundation of Campus Crusade for Christ, Inc., the Buddy Coate entities and Mark and Kristen Graziani as third-party defendants under Rule 14.  These persons and entities are, like the plaintiffs, citizens of Louisiana.  But because Fidelity is a defendant, and not the original plaintiff, the addition of these parties that are not diverse from plaintiffs does not destroy jurisdiction.

Plaintiffs' argue that under *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978), the non-diverse third-party defendants destroy diversity jurisdiction.  Third-party defendants argue that the joinder of third-party defendants did not destroy diversity jurisdiction, but plaintiffs' "attacks on and litigation of claims against" third-party defendants destroys jurisdiction.  Both arguments are incorrect.  As the Supreme Court explained in *Caterpillar Inc. v. Lewis*, "assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant].  That [plaintiff]

and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them." 519 U.S. 61, 67 n.1 (1996)(quoting 3-14 MOORE, MOORE'S FEDERAL PRACTICE- CIVIL ¶ 14.41). In *Owen*, after the defendant impleaded Owen as a third-party defendant, the plaintiff amended the complaint to assert claims directly against Owen. Here, plaintiffs have not asserted claims against any of the third-party defendants. The holding of *Owen*, therefore, is inapplicable.

    *B. Amount in Controversy*

    Plaintiffs invoked the Court's subject matter jurisdiction and assert in the complaint that the amount in controversy exceeds $75,000. The party invoking federal jurisdiction bears the burden of proving its existence, unless the law gives a different rule, but a sum claimed by the plaintiff controls the amount in controversy if the claim is apparently made in good faith. *St. Paul Reinsurance*, 134 F.3d at 1253. Dismissal is justified only if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (not dismissing complaint on amount in controversy grounds)(quoting *St. Paul Mercury Indem. Co.,* 303 U.S. at 289). "[I]f from the face of the pleadings, it is apparent, to a legal certainty, that

the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount...the suit will be dismissed." *St. Paul Mercury Indem. Co.,* 303 U.S. at 289. If jurisdiction exists at the time the action is filed, it "may not be divested by subsequent events." *Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)(Subsequent events that "reduce the amount recoverable...do not oust the district court's jurisdiction once it has attached.").

Although the complaint does not seek recovery of a specific amount of damages in excess of $75,000, there has been no showing to a legal certainty that plaintiffs' claim is for less than the jurisdictional amount. Plaintiffs purchased the property for $230,000 and bought a title insurance policy for that amount from Fidelity. Plaintiffs allege that because of a defect in the title, they never acquired title to the property. Plaintiffs further allege that they submitted a claim to Fidelity under their policy and Fidelity breached its contract by failing to timely adjust their claim. Plaintiffs seek damages, penalties and attorney's fees. Under the policy, Fidelity must either pay the amount of the insurance or cure the title defect.[10] In the

---

[10] R. Doc. 1-1, Ex. A at ¶ 6.

11

event that the title defect is not cured, plaintiffs are entitled to damages for the value of the property which they insured for $230,000, an amount well in excess of the jurisdictional requirements. In addition, it is well-established that statutory penalties and attorney's fees are considered in determining the amount in controversy. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723-24 (5th Cir. 2002)(including a claim for attorney's fees under La. R.S 22:658 in calculating the amount in controversy); *St. Paul Reinsurance Co.*, 134 F.3d at 1253 ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages- just not interest or costs."); *Ardoin v. Allstate Ins. Co.*, 2007 WL 97062, at *3 (E.D. La. Jan. 9, 2007) (calculating the penalties recoverable under LA. REV. STAT. §§ 22:1220 and 22:658 in determining whether the amount in controversy exceeded $75,000). Plaintiffs allege that they are entitled to penalties, damages and attorney's fees under Louisiana Revised Statutes §§ 22:1892 and 22:1973,[11] specifically asserting that they suffered general and special damages as a result of Fidelity's breach of contract.

---

[11] LA. REV. STAT. 22:658 has been renumbered as LA. REV. STAT. § 22:1892; LA. REV. STAT. § 22:1220 has been renumbered as LA. REV. STAT. § 22:1973.

Third-party defendants rely on Fidelity's attempted curative payment of $16,000 in support of their assertion that the jurisdictional amount was never present. This argument fails to defeat jurisdiction because plaintiffs dispute that the cure was sufficient, and there has been no adjudication of this issue. This argument also fails to consider the effect of penalties and attorney's fees on the computation of the amount in controversy.

As the Court does not find that it is legally certain that plaintiffs' claim is really for less than the jurisdictional amount, the Court has jurisdiction over plaintiffs' claims.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss for lack of subject matter jurisdiction is DENIED.

New Orleans, Louisiana, this 26th day of September, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE