UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LLOYD MARTIN AND NICOLE                         CIVIL ACTION
MARTIN, ET AL.


VERSUS                                          NO: 09-4195


FIDELITY NATIONAL TITLE                         SECTION: R(4)
INSURANCE COMPANY

### ORDER AND REASONS

Before the Court is third-party defendants' motion to impose sanctions on the plaintiffs under Federal Rule of Civil Procedure 37.[1]  Because the Court finds that imposing sanctions would be inappropriate, the Court DENIES third-party defendants' motion.


I.    BACKGROUND

This case arises out of an alleged defect in plaintiffs' title to a property in St. Tammany Parish, Louisiana.  The Martins bought that property on January 31, 2007 and purchased a title insurance policy from Fidelity National Title Insurance Company.  Plaintiffs allege that when they prepared to sell the property, the closing agent for the purchaser informed them that the property had a title defect.  For this reason, plaintiffs were unable to complete the sale, and they still possess the

---

[1]    R. Doc. 189.

1

property.  Plaintiffs made a claim against Fidelity under the title insurance policy on February 10, 2009.

Plaintiffs allege that Fidelity has not paid any part of their claim.  Accordingly, the Martins sued Fidelity, alleging that Fidelity breached the title insurance policy, as well as certain Louisiana statutes.  Fidelity filed a third-party complaint against William Magee, the Great Commission Foundation of Campus Crusade for Christ, Buddy Coate Homes and related entities, James Coate, and Mark and Kristen Graziani.[2]  Fidelity alleges that to the extent it is liable to plaintiffs under the title insurance policy, the third-party defendants are liable to Fidelity for breach of warranty of title and warranty against eviction.

*A. The Discovery Dispute*

On August 17, 2010, third-party defendants filed an expedited motion to compel more complete discovery responses and documents from the Martins.[3]  The Magistrate Judge denied the motion[4] finding that third-party defendants did not point to the specific discovery requests requiring additional responses and that the motion did not give the Court sufficient time to consider the issues.  The Court stated that third-party

---

[2]    R. Doc. 8.

[3]    R. Docs. 80, 81.

[4]    R. Doc. 86.

defendants could re-file at a later date.  Third-party defendants deposed Lloyd and Nicole Martin on August 18, 2010.  At the deposition, both of the Martins admitted that relevant documents existed that they had not produced as part of the discovery process.  Lloyd Martin said that he was in possession of responsive material, including a digital recording of a conversation with Mark Graziani, that he had not produced. Nicole Martin testified that she possessed documents that she had not produced, such as an escrow release, inspection reports and the Grazianis' disclosure form.

Shortly after the depositions, the case was dismissed and reinstated.  At a discovery conference held on February 24, 2011, plaintiffs indicated to third-party defendants that plaintiffs would produce any responsive materials by March 15, 2011.  When they failed to do so, third-party defendants refiled their motion to compel discovery responses on March 25, 2011.[5]  In this motion to compel, third-party defendants argued that despite repeated requests before and after the depositions of the Martins for more complete responses to their discovery requests, the Martins failed to conduct an investigation and produce relevant documents and other responsive materials.  Third-party defendants also asked to redepose the Martins to cover any newly disclosed

---

[5]    R. Doc. 127.

3

information.  The Magistrate Judge denied the motion.[6]  This
Court reversed the Magistrate Judge's decision and ordered the
plaintiffs to provide responses to third-party defendants'
requests for production by August 22, 2011.[7]  The Court also
permitted third-party defendants to conduct an additional limited
deposition of Lloyd and Nicole Martin, and found third-party
defendants to be entitled to reasonable attorney's fees and
costs.

     Pursuant to the Court's order, plaintiffs emailed third-
party defendants documents on August 22, 2011.  Plaintiffs assert
that they provided third-party defendants with all of the
documents that they possess.  Third-party defendants, however,
assert that plaintiffs failed to comply with the Court's order
that they respond to third-party defendants' requests for
production and allege that plaintiffs response did not address
the outstanding requests.  Third-party defendants move for the
Court to impose sanctions against the Martins under Rule 37 for
failure to comply with the Court's order.


**II.  STANDARD**

     Federal Rule of Civil Procedure 37(b) provides that a
district court may impose sanctions for failure to comply with

---

[6]     R. Doc. 135.

[7]     R. Doc. 176.

4

discovery orders.  The available sanctions include: (1) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; (6) rendering a default judgment against the disobedient party; or (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.  FED. R. CIV. P. 37(b)(A)(i)-(vii).  A district court possesses considerable, but not unlimited, discretion to impose sanctions under Rule 37(b). *McLeod, Alexander, Powel & Apffel*, 894 F.2d 1482, 1486 (5th Cir. 1990)(quoting *Sciambra v. Graham News Co.*, 841 F.2d 651, 655 (5th Cir. 1988); *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990).  Although lesser sanctions may be imposed without a showing of prejudice, more severe sanctions are justified only if the opposing party has suffered some palpable prejudice. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 n.3 (5th Cir. 1994). Dismissal is one of the harshest sanctions that a district court can impose, and the Court may dismiss a case as a sanction for violating a discovery order only when the following conditions

are met: (1) the refusal to comply results from bad faith or willfulness and is accompanied by delay or contumacious conduct; (2) the violation is attributable to the client instead of the attorney; (3) the violating conduct substantially prejudices the other party; and (4) a less severe sanction would not achieve the same result. *See Conner*, 20 F.3d at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)). Further, the Fifth Circuit has held that dismissal with prejudice is a "draconian remedy," which the district court should impose only as a matter of last resort. *See Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *see also E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)("[S]anctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances.").

## III. DISCUSSION

Third-party defendants assert that plaintiffs failed to comply with the Court's order to compel and request that the Court impose the following sanctions: (1) hold that the Martins cannot support their breach of contract and bad faith claims against Fidelity; (2) preclude the Martins from introducing evidence pertaining to damages at trial; (3) strike the Martins' complaint against Fidelity; (4) dismiss the Martins' claims with prejudice; (5) dismiss the Martins' claims for want of subject

matter jurisdiction; (6) dismiss the entire proceeding, including
Fidelity's third-party claims, for lack of subject matter
jurisdiction; and (7) hold the Martins and/or their counsel in
contempt.[8]  Third-party defendants admit that plaintiffs sent
them various documents within the time frame of the Court's
order.  The entirety of third-party defendants' argument in
support of their motion consists of three unsupported sentences.
Third-party defendants assert that "[n]either the emails nor the
attachments complied with this Court's clear and unambiguous
Order and Reasons.  Moreover, the 'responses' do not address the
outstanding requests.  Therefore, the Martins have violated this
Court's Order and Reasons."[9]  Third-party defendants do not state
what plaintiffs failed to produce, how plaintiffs' responses
failed to respond to the outstanding requests, or how the
responses violated the Court's order.  Plaintiffs assert that
they have produced all responsive documents in their possession.
Third-party defendants present no evidence to support their
assertion that sanctions are warranted.  It would behoove a party
seeking this type of drastic relief to include evidence of the
alleged deficiencies.  The Court finds no basis for concluding
that plaintiffs have even violated the Court's order, much less

---

[8]    These requests correspond to the sanctions authorized
under Rule 37(b)(2)(A)(i), (ii), (iii), (v) and (vii).

[9]    R. Doc. 2.

that the plaintiffs violated the order willfully or in bad faith as would be required to impose the harsh sanctions of dismissal or striking plaintiffs' pleadings. *See Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)(explaining that a finding of bad faith or willful misconduct is usually required to support the most severe sanctions under Rule 37(b)). Third-party defendants' unsupported motion is a waste of the Court's time, and the Court counsels against further filings of this nature.


IV.   **CONCLUSION**

Third-party defendants have not demonstrated that sanctions should be imposed against the plaintiffs. Accordingly, the Court DENIES third-party defendants' motion for sanctions.


New Orleans, Louisiana, this 3rd day of October, 2011.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE