UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RAYMOND MARTIN, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:      09-4195** |
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY** | **SECTION: "R" (4)** |

### ORDER

Before the Court is a **Motion To Set Fees and Costs (R. Doc. 185)** filed by the Third Party Defendants, William Magee, James G. Coate, Jr., Buddy Coate Homes, Inc., Buddy Coate, LLC, and Buddy Coate, Inc. ("the Buddy Coate Defendants") seeking an award of reasonable attorneys fees arising out of a discovery order of the Court in the amount of $3,137.09.  The motion is opposed. (R. Doc. 194.)

### I.     Background

Fidelity insured Martin under a title insurance policy and Martin filed suit against Fidelity on June 29, 2009, for breach of the title insurance contract arising from an alleged defect in the title of the property.  The defect in the title was allegedly created by William Magee ("Magee"), who was previously in possession of the property.  To cure the alleged defect, Fidelity found the heirs of William C. Nill, the last known owner of the property, and was able to get them to quitclaim their interest in the property to Martin.  The documents were provided to the Plaintiffs.

Fidelity has filed third-party claims for breach of warranty of title against Magee and the Coate Defendants, who were in possession of the property after Magee.  Magee, who is an attorney

licensed in Louisiana, used one of his companies, Hickory Glade, Inc. ("Hickory"), to quitclaim the property at issue to himself in 2001. Fidelity claims that Magee did not pay any money to obtain the property from Hickory Glade and Hickory Glade did not appear anywhere in the chain of title to the property until Magee recorded the quitclaim deed in February 2001. Fidelity alleges that the public records indicate that the last owner of the property was William C. Nill, who acquired the property by deed on July 28, 1959.

In April 2002, Magee filed a declaratory action in state court claiming that he had been in possession of the property for over a year, and that this possession gave him ownership of the property. William C. Nill and Herbert Nill were named as defendants in the action, but the suit claimed that the Nills could not be located and asked that a curator be appointed to attempt to find them or defend the suit for them. Fidelity claims that the curator then allowed a default judgment to be entered against the Nills and the state court declared Magee the owner of the property, despite his having only alleged one year of possession, far short of the 30 years required for acquisitive prescription.

Magee then sold the property to Buddy Coate Homes, LLC, and allegedly received $30,000 for the property. Magee then represented Buddy Coate Homes, LLC, in another declaratory action against the Nills. In the action, Magee argued that the default judgment previously awarded to him was somehow invalid and did not transfer title. The same curator was appointed to represent the interest of the Nills and Buddy Coate Homes, LLC was granted a declaratory judgment. Buddy Coate Homes, LLC later sold the property to Mark and Kristin Graziani, who then sold the property to Martin, the Plaintiff in this matter.

During this contentious matter, the Buddy Coate defendants obtained an order from the

District Judge compelling the response to their written discovery. (R. Doc. 176) The Judge further directed the parties to attempt to agree on the amount of fees and costs that should be awarded and in the event that the matter was not resolved, submit the issue to the undersigned for consideration and resolution. In compliance with the instructions given, the Buddy Coate defendants have submitted the issue of reasonable fees and costs to the undersigned for determination.

The instant motion relates to an award of sanctions, in the form of attorney's fees, pursuant to Federal Rule of Civil Procedure 37. Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the Federal standard.

The Supreme Court has indicated that the lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 71719 (5th Cir.1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice,* 7 F.3d 453 (5th Cir.1993). However, the lodestar should be modified only in exceptional cases. *Id.*

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson,* 488 F.2d at 717–19.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990).

**II.   Analysis**

    **A   Reasonableness of Rate**

There has been no challenge to the reasonableness of the partner rate of $145.00, Associate rate of $130.00, and Paralegal rate of $65.00.  In fact counsel for the plaintiffs attempts to reargue the underlying facts of the case without regard to the issue at hand.  The Court therefore finds that the rates requested are reasonable.

    **B.   Reasonableness of Hours Expended**

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* ( citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston,* 831 F.2d 576, 585 (5th Cir.1987).

Hours that are not properly billed to one's client also are not properly billed to one's adversary.  *Hensley,* 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.*

Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund,* 284 F.3d 642 (5th Cir.2002).

The Buddy Coate Defendants contends that its attorneys expended 22.4 hours and that the paralegal expended .90 hours in handling the above captioned motion. In reviewing the "Statement of Professional Services Rendered," the Court finds that the entries are reasonable as charged.

**IT IS THEREFORE ORDERED** that the **Motion to Set Fees and Costs** is **GRANTED** and the Third Party Defendants, William Magee, James G. Coate, Jr., Buddy Coate Homes, Inc., Buddy Coate, LLC, and Buddy Coate, Inc. ("the Buddy Coate Defendants") are awarded the sum of $3,137.09 in attorneys fees for the work performed on the underlying discovery motion.

New Orleans, Louisiana, this 3rd day of November 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**