UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RAYMOND MARTIN, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 09-4195** |
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY** | **SECTION: "H" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion Giving Notice of Fraudulent Misrepresentation of the Eastern District's United States District Court and Request for Evidentiary Hearing (R. Doc. 191)** filed by the Plaintiffs Lloyd Raymond Martin, III, Nicole Easterwood Martin (the "Martins"), Carol Robinson, Andrea Smith Lampo and John George Lampo (the "Lampos")[1], which was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B)**. The motion is opposed. (R. Doc. 223.) The motion was heard with oral argument on Wednesday, November 16, 2011.

Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

---

[1] As discussed below, Carol Robinson and the Lampos are not parties to this litigation. Rather they are former plaintiffs in *Lloyd Raymond Martin, III, et al. v. William M Magee, et al.*, Civil Action No. 10-02786.

**I.     Factual Background**

Defendant Fidelity National Title Insurance Company ("Fidelity") insured the Martins under a title insurance policy. The Martins filed suit against Fidelity on June 29, 2009, for breach of the title insurance contract arising from an alleged defect in the title of the property. The defect in the title was allegedly created by Third Party Defendant William Magee ("Magee"), who was previously in possession of the property.

Fidelity alleges that the public records indicate that the last owner of the property was William C. Nill, who acquired the property by deed on July 28, 1959. To cure the alleged defect, Fidelity found the heirs of William C. Nill, the last known owner of the property, and was able to get them to quitclaim their interest in the property to the Martins. The documents were provided to the Martins.

Fidelity has filed third-party claims for breach of warranty of title against Magee and the Coate Defendants[2], who were in possession of the property after Magee. Magee, who is an attorney licensed in Louisiana, allegedly used one of his companies, Hickory Glade, Inc. ("Hickory"), to quitclaim the property at issue to himself in 2001. Fidelity claims that Magee did not pay any money to obtain the property from Hickory Glade, nor did Hickory Glade appear anywhere in the chain of title to the property until Magee recorded the quitclaim deed in February 2001.

In April 2002, Magee filed a declaratory action in state court claiming that he had been in possession of the property for over a year, and that this possession gave him ownership of the property. William C. Nill and Herbert Nill (the "Nills") were named as defendants in the action, but the suit claimed that the Nills could not be located and asked that a curator be appointed to attempt to find them or defend the suit for them. Fidelity claims that the curator then allowed a default judgment to

---

[2]The Coate Defendants include Buddy Coate Homes, Inc., Buddy Coate, Inc., Buddy Coate, L.L.C., James G. Coate, Jr., and William M. Magee.

2

be entered against the Nills and the state court declared Magee the owner of the property, despite his having only alleged one year of possession, far short of the 30 years required for acquisitive prescription.

Magee then allegedly sold the property to Buddy Coate Homes, LLC, and received $30,000 for the property. Magee then represented Buddy Coate Homes, LLC, in another declaratory action against the Nills. In the action, Magee argued that the default judgment previously awarded to him was somehow invalid and did not transfer title. The same curator was appointed to represent the interest of the Nills, and Buddy Coate Homes, LLC was granted a declaratory judgment. Buddy Coate Homes, LLC later sold the property to Mark and Kristin Graziani, who then sold the property to the Martins.

The Martins, Carol Robinson, and the Lampos (collectively the "Plaintiffs") now submit the subject motion suggesting that envelopes containing the dismissal order of the previous presiding judge, District Court Judge Sarah Vance, in a related case were placed in the mail by some unknown individual who "fraudulently" represented that the envelopes were actual Court mail. The Plaintiffs identified the alleged fraud as one on the Court, consisting of the use of an Avery return address label which contained the name of the Court. The Plaintiffs further allege that the envelopes were not purchased or mailed by the Court because the Court's envelopes are preprinted, and further note that the Court generally communicates electronically, not through U.S. Mail. As a result, the Plaintiffs request an evidentiary hearing to determine the identity of the person who placed the label on the envelope and mailed the Court's actual order to them, and that the alleged fraud be referred to the U.S. Attorney's Office for criminal prosecution based upon the crime of mail fraud.

The Coate Defendants oppose the motion on several grounds (1) Carol Robinson and the Lampos are not parties to this lawsuit and thus do not have a right to an evidentiary hearing; (2) the

Plaintiffs fail to identify the contents of the envelopes and further fail to suggest their relevance to this proceeding; (3) based on the Plaintiffs allegations, the contents of the envelope were allegedly an attempt to harass the Plaintiffs because they filed a throughly evidenced racketeering claim against the Defendants, which is not an issue in the instant lawsuit, rendering the request for an Evidentiary Hearing irrelevant; and (4) the alleged facts are insufficient to state a claim for fraud on the Court.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the

proposed discovery in resolving the issues. *Id*.

### III. Analysis

The Plaintiffs generally contend that someone - "probably" Magee or the lawyers retained to represent Magee - mailed each of them an envelope containing Judge Vance's order. They contend that the fraud was the actual placing of a label with the return address of the Court on the envelopes, and placing the envelopes in the mail. As a result, the Martins, Carol Robinson, and the Lampos seek an order from the Court requiring an Evidentiary Hearing and allowing them to subpoena witnesses to testify and confirm their suspicions.

The Defendants contend that the request should be denied for several reasons: (1) Carol Robinson and the Lampos are not parties to this lawsuit; thus, they do not have a right to an evidentiary hearing; (2) the Plaintiffs should not be allowed to use the evidentiary hearing process to conduct discovery in their RICO case; (3) the pleading fails to allege sufficient facts to constitute a fraud on the Court.

The record confirms, that Carol Robinson and the Lampos are not parties to the subject suit. Therefore, neither Carol Robinson nor the Lampos have any standing to make the subject request before this Court.

Next, the Court will consider whether the facts as alleged are sufficient to assert a claim for fraud on the Court. A plaintiff's pleading is considered to sufficiently set forth the requirements for a fraud claim when it includes: (1) the time; (2) the place; (3) the specific content of the fraud; and (4) the identities of the parties participating in the fraud. *Pickens v. Kanawha River Towing*, 916 F.Supp. 702, 706 (S.D. Ohio 1996) (citing *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988)). The basic principle for such requirements is to insure that the pleading places the defendant on notice of the alleged misconduct or fraudulent acts of which the plaintiff complains in

order that the defendant may prepare a responsive pleading. *Id.*

Fraud upon the court involves a particular type of fraud which is directed to the judicial machinery itself and which involves circumstances where the impartial functions of the court have been directly corrupted. *In the Matter of Whitney-Forbes*, 770 F.2d 692, 698 (7th Cir. 1985) (citations and quotations omitted). The cases where it has been found have involved the most egregious conduct involving corruption of the judicial process itself, such as bribery of a judge and improper influence with the court. *Id.* (citations and quotations omitted). Fraud may exist between the parties without there being a fraud upon the court.

Further, fraud on the court must be directed to the judicial machinery itself and does not necessarily include fraud between the parties or fraudulent documents, false statements, or perjury. *Bulloch v. United States,* 721 F.2d 713, 718 (10th Cir. 1983). It has been held that allegations of non-disclosure in pre-trial discovery will not support an action for fraud on the court. *Id.* The movant must set forth specific facts impugning the official record. *Gekas v. Met-L-Wood Corp*, 80 B.R. 912, 915(N.D. Ill. 1987). A statement of "clear and convincing probative facts" is necessary for such a motion to be sufficient. *Id.*

Here, it is clear from the facts alleged by Plaintiffs that their motion insufficiently alleges that there has been a fraud upon the Court. While there may have been an exchange of documents between an unidentified party and the Plaintiffs, according to the case law, such an exchange would not amount to a fraud on the Court. Therefore, the facts are insufficient as pled and it would be a waste of the Court's judicial resources to hold an Evidentiary Hearing, let alone recommend that the United States Attorney be made aware of these allegations.

Finally, the Plaintiffs contend that they should be allowed to conduct discovery to ferret out who placed the label on the envelopes and who mailed them. To support their contention, the Plaintiffs

propounded requests for admission upon the Defendants, which Defendants objected to on the basis of relevance. The undersigned in considering this issue concludes that these skeletal allegations are not sufficient to warrant the use of the Court's resources and time, including ordering witnesses to take off from work to answer questions about something that is not a fraud on the Court, nor sufficiently alleged as mail fraud.[3]

## IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the **Motion Giving Notice of Fraudulent Misrepresentation of the Eastern District's United States District Court and Request for Evidentiary Hearing. (R. Doc. 191)** be **DENIED** for the reasons assigned above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 29th day of November 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Mail fraud is a crime in which the perpetrator develops a scheme using the mail to defraud another of money or property. This crime specifically requires the intent to defraud, and is a federal offense governed by 18 U.S.C. § 1341.

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.