UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LLOYD RAYMOND MARTIN, III, ET AL.                CIVIL ACTION

VERSUS                                           NO.: 09-4195

FIDELITY NATIONAL TITLE INSURANCE COMPANY        SECTION: "H" (4)

REPORT AND RECOMMENDATION

Before the Court is a **Motion Compelling Testimony Under Oath from William Magee as to Prohibited Communication with Plaintiffs Lloyd and Nicole Martin, and Other Represented Parties, Sanctions, Costs, and Fees (R. Doc. 271)**, filed by the Plaintiffs Lloyd Raymond Martin, III, Nicole Easterwood Martin (the "Martins"), which was referred to the United States Magistrate Judge to conduct a hearing and make a determination pursuant to 28 U.S.C. 636(b)(1)(A). Third Party Defendant William M. Magee ("Magee") opposes the motion. (R. Doc. 295.) The motion was heard with oral argument on April 25, 2012.

I.    **Factual Background**

This case arises out of an alleged title defect in the Martins' property in St. Tammany Parish, Louisiana. The Martins generally allege that Fidelity breached its title insurance policy and violated Louisiana statutes when it refused to pay the Martins' claim. (R. Doc. 1.) Subsequently, Fidelity filed a third party complaint against Third Party Defendants Magee, James G. Coate, Jr., Buddy

Coate Homes, Inc., Buddy Coate, L.L.C., and Buddy Coate, Inc., the Great Commission Foundation of Campus Crusade for Christ, Inc., Mark J. Graziani and Kristen Taylor Graziani (collectively "Third Party Defendants"). (R. Doc. 8.) Fidelity generally alleges that to the extent that it is liable to the Martins under the title insurance policy, the Third Party Defendants are liable to Fidelity for breach of warranty of title and warranty against eviction. Mark J. Graziani and Kristen Taylor Graziani (the "Grazianis"), who sold the subject property to the Martins, then filed a cross-claim against the other Third Party Defendants on the same grounds. (R. Doc. 24.)

As to the instant motion, the Martins seek an order from this Court requiring Third Party Defendant William M. Magee ("Magee") to appear and testify under oath regarding his alleged communication with the Martins. The Martins contend that on February 28, 2012, Magee sent them a letter regarding a state court proceeding, *Salvador J. Liberto, Jr., et al. v. Daniel G. Abel, et al.*, No. 2012-10436 (the "*Liberto* proceeding"), in the 22nd Judicial District Court for the Parish of St. Tammany. They argue that Magee's letter is prohibited and unethical Martins contend Magee should be ordered to appear in this Court and testify under oath. The Martins do not clearly state what testimony is to be elicited by this Court, nor do they clearly state the purpose of the testimony.

Magee opposes the motion and argues that the Martins' motion relates to matters pending in an independent and parallel state court proceeding over which this Court has no subject matter jurisdiction. He further argues that those matters have no relevance to the claims or defenses in the instant litigation. Thus, the motion should be denied.

II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."

2

Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

**III.    Analysis**

In support of their motion, the Martins attached a letter dated February 28, 2012, with a signature above the words "William M. Magee." (R. Doc. 271-3.) The body of the letter states,

> [i]t is unclear in the record as to whether Mr. Abel[1] is representing each of you in the referenced litigation. Out of an abundance of caution, I am enclosing pleadings I have filed in the referenced matter in ensure you have received them as required by the Code of Civil Procedure. The enclosed pleadings are my opposition to Mr. Abel's motion for extension of time and the Motion to Disqualify and Memorandum in Support I filed in the above referenced matter.

(R. Doc. 271-3.) The Martins argue that this communication from Magee to them confirms their belief that he is the person who sent them envelopes containing the dismissal order of the previous presiding District judge in a related case, and "fraudulently" represented that the envelopes were actual Court mail.[2] They also contend that this letter is further evidence that he is the person who placed mutilated rats on Plaintiff Nicole Martin's car shortly after she filed suit against him in 2009.[3]

The Martins argue that, prior to Magee's letter, Mr. Abel appeared on behalf of all defendants, including the Martins, in the state court action by filing a motion for extension of time to file exceptions, affirmative defenses, third party demands, and a reconventional demand, and filing a motion to dismiss Magee's claims. Thus, Magee's assertion that he was unclear as to whether Mr. Abel represented the Martins is false. Accordingly, the Martins contend Magee should be ordered to appear in this Court and testify under oath "as to each of these matters."

Magee opposes the motion and argues that the Martins have failed to explain what testimony is to be elicited by this Court, nor have they explained the purpose of the testimony. He contends

---

[1] Mr. Daniel G. Abel represents the Martins in the instant matter. The Court does not state an opinion, however, as to whether Mr. Abel represents the Martins in the abovementioned state court litigation.

[2] The Court previously considered the Martins' motion regarding Magee's alleged fraudulent misrepresentation to the Court (R. Doc. 191), and recommended that the presiding District Judge deny their motion. (R. Doc. 231.) The presiding District Judge subsequently approved and adopted the undersigned's Report and Recommendation, and denied the Martin's motion. (R. Doc. 232.)

[3] The Martin's memorandum in support of their motion directs the Court to "Exhibit B - Photograph of Mutilated Rat on Nicole Martin vehicle." However, the Martin's failed to attach the exhibit to their motion.

that the Martins' motion relates to matters pending in an independent and parallel state court proceeding over which this Court has no subject matter jurisdiction, and have no relevance to the claims or defenses in the instant litigation. Magee contends that even if the letter from Magee to them is a violation of the Louisiana Rules of Professional Conduct, the Martins have failed to explain how such violation, standing alone, is actionable. Magee contends that the acts complained of in the instant motion occurred more than three years after any of the alleged acts or omissions in the instant litigation. Thus, the acts complained of and the relief sought in the instant motion form no part of the instant case or controversy. He argues that the Martins' motion is not supported by substantive law, and is simple another frivolous, harassing, irrelevant, and wasteful pleading filed by the Martins.

During the hearing on the matter, the Court asked counsel for the Martins whether the testimony the Martins seek relates to this federal court proceeding or the state court proceeding. Counsel failed to respond to the Court's question. Rather, he asserted that he filed the instant motion in this Court because the "first three times [Magee] did it, he did it here in this [Court]." The Court further asked counsel for the Martins whether the instant motion was merely an attempt to get around the presiding District Judge's previous order denying the Martins' request for an evidentiary hearing related to Magee's alleged fraudulent misrepresentation of Court mail. Counsel failed to respond to the Court's question. Instead, he insisted that the Court should order Magee to testify under oath because "he did it again."

A review of the documents attached to the instant motion reveals that Magee and others filed suit against Mr. Abel and eight others for defamation, abuse of process, malicious prosecution, and intentional infliction of emotional distress as a result of the Racketeer Influenced and Corrupt

5

Organizations Act ("RICO") lawsuit filed in and dismissed by this Court. (R. Doc. 271-3, p. 4.) Magee apparently sought to disqualify Mr. Abel from representing any defendant in the *Liberto* proceeding due to alleged conflicts of interest, potential cross claims by the defendants against him for legal malpractice, and his inability to serve as trial counsel in a matter where he will also be a material witness. Magee apparently served a copy of his motion to disqualify Mr. Abel on each defendant in the *Liberto* proceeding because it was unclear in the record whether Mr. Abel represented them in the *Liberto* proceeding.

As concluded by the undersigned during the hearing on the matter, it is clear that Magee's actions, including the letter from Magee to the Martins, are in connection with the *Liberto* state court proceeding **only**. Therefore, the Martins' request is not properly before this Court. Further, the Martins have failed to explain what testimony is to be elicited by this Court, the purpose of the testimony, or how it is relevant to the instant litigation. Therefore, it would be a waste of the Court's judicial resources to require Magee to appear in Court and testify under oath.

**IV.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that the Martins' **Motion Compelling Testimony Under Oath from William Magee as to Prohibited Communication with Plaintiffs Lloyd and Nicole Martin, and Other Represented Parties, Sanctions, Costs, and Fees (R. Doc. 271)** be **DENIED** for the reasons assigned above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 11th day of June 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.