UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD RAYMOND MARTIN, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 09-4195** |
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY** | **SECTION: "H" (4)** |

ORDER

Before the Court is a **Motion for Contempt (R. Doc. 260)** filed by Third-party Defendants William M. Magee, James G. Coate, Jr., Buddy Coate Homes, Inc., Buddy Coate, L.L.C., and Buddy Coate, Inc.(the "Coate Defendants"), seeking an order from this Court holding Plaintiffs Lloyd Raymond Martin, III and Nicole Easterwood Martin (the "Martins") in contempt of court for their failure to comply with the presiding District Judge's Order requiring the Martins to supplement their discovery responses and awarding the Coate Defendants attorney's fees and costs (R. Doc. 176), this Court's Order setting the amount of fees due (R. Doc. 225), and this Court's oral Order on January 18, 2012.  The Martins oppose the motion.  The motion was heard with oral argument on Wednesday, March 7, 2012.  The Court issued an oral order from the bench, which is memorialized as follows:

I.  **Background**

The facts of this case, as alleged by Plaintiffs Lloyd Raymond Martin, III and Nicole Easterwood Martin (the "Martins"), are well known by the parties and this Court.  This case arises out of an alleged title defect in the Martins' property in St. Tammany Parish, Louisiana.  The

Martins generally allege that Fidelity breached its title insurance policy and violated Louisiana statutes when it refused to pay the Martins' claim. (R. Doc. 1.) Subsequently, Fidelity filed a third party complaint against Third Party Defendants William M. Magee, James G. Coate, Jr., Buddy Coate Homes, Inc., Buddy Coate, L.L.C., and Buddy Coate, Inc., the Great Commission Foundation of Campus Crusade for Christ, Inc., Mark J. Graziani and Kristen Taylor Graziani (collectively "Third Party Defendants") (R. Doc. 8.) Fidelity generally alleges that to the extent that it is liable to the Martins under the title insurance policy, the Third Party Defendants are liable to Fidelity for breach of warranty of title and warranty against eviction. Mark J. Graziani and Kristen Taylor Graziani (the "Grazianis"), who sold the subject property to the Martins, then filed a cross-claim against the other Third Party Defendants on the same grounds. (R. Doc. 24.)

During this contentious matter, the Coate Defendants obtained an order from the presiding District Judge requiring the Martins to respond to their written discovery requests, and awarding the Coate Defendants reasonable attorney's fees and costs. (R. Doc. 176.) The Order stated, in pertinent part:

> by MONDAY, August 22, 2011, plaintiffs shall provide clear, written responses to third party defendants' requests for production numbers 1, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 14, stating either that all responsive material is being produced or that they have no materials responsive to the request. These responses must be signed in accordance with the requirements listed in Federal Rule of Civil Procedure 26(g). All responsive material must be produced to third party defendants by the same date.

(R. Doc. 176, p. 12.) The presiding District Judge further directed the parties to attempt to agree on the amount of attorney's fees and costs that should be awarded, and in the event the parties could not agree, submit the issue to the undersigned for consideration and resolution. In compliance with the presiding District Judge's Order, the Coate Defendants submitted a Motion to Set Fees and Costs (R. Doc. 185) to the undersigned for determination. On November 3, 2011, the undersigned

awarded the Coate Defendants $3,137.09 in attorney's fees for the work performed on their motion to compel. (R. Doc. 225.)

On December 20, 2011, the Coate Defendants filed a Motion to Compel Compliance with District Court's Order [#176] and Magistrate Judge's Order [#225] and for Other Appropriate Relief (R. Doc. 233), seeking an order from this Court requiring the "Martins" to comply with the presiding District Judge's Order requiring the Martins to supplement their discovery responses and awarding the Coate Defendants attorney's fees and costs (R. Doc. 176), and the undersigned's Order setting the amount of fees due (R. Doc. 225). During the hearing on the matter, the undersigned ordered the Martins to provide the Coate Defendants with an updated supplemental document production, correlate the documents produced with the Coate Defendants' requests for production of documents, and sign the documents produced within ten (10) days. Mot. Hr'g Tr. 15:25-16:1-9, Jan. 18, 2012; (R. Doc. 272). The undersigned further ordered the Martins to state in their written response to the Coate Defendants if responsive documents did not exist to particular requests. Mot. Hr'g Tr. 16:15-17, Jan. 18, 2012; (R. Doc. 272).

During the hearing, counsel for the Martins also expressed his intent to appeal the undersigned's Order setting the amount of fees due.[1] Mot. Hr'g Tr. 20:13-20, Jan. 18, 2012. After stating that counsel's attempt to appeal was clearly an attempt to seek review of the undersigned's order after the deadline and further delay payment of the costs and fees, the undersigned ordered the Martins to pay the amount of fees due five (5) days after the order is affirmed. Mot. Hr'g Tr. 22: 2-3, Jan. 18, 2012; (R. Doc. 272). A written order memorializing the undersigned's oral order was issued on March 6, 2012. (R. Doc. 272.)

---

[1]To date, the Martins have not filed a appeal of the undersign's order setting the amount of fees due.

As to the instant motion, the Coate Defendants seek an order from this Court holding the Martins in contempt of court for their failure to comply with the presiding District Judge's Order requiring the Martins to supplement their discovery responses and awarding the Coate Defendants attorney's fees and costs (R. Doc. 176), the undersigned's Order setting the amount of fees due (R. Doc. 225), and this Court's oral Order on January 18, 2012.  The Coate Defendants argue that the Martins have willfully refused to comply with the Court's previous orders, and the undersigned's oral Order on January 18, 2012, and thus, should be found in contempt of court.

The Martins oppose the motion, and argue that they do not have to follow the Court's previous orders, nor do they have to follow the undersigned's oral Order on January 18, 2012 because a written order has not been issued by the undersigned.

## II.     Standards of Review

### A.     Contempt

Pursuant to Fed.R.Civ.P 37(b)(2)(A)(vii), a court may treat as contempt of court a party's failure to obey an order to provide or permit discovery. Fed.R.Civ.P 37(b)(2)(A)(vii). Specifically, Fed.R.Civ.P 37(b)(2)(A) provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in where the action is pending may issue further just orders. They may include the following: (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

Civil contempt vindicates the rights of aggrieved persons under valid court orders. *Louisiana Ed. Ass'n v. Richland Parish Sch. Bd.*, 421 F.Supp. 973, 975 (W.D. La. 1976). It is well-settled that a party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). A party commits contempt by violating a definite and specific order of the court which requires him or her to perform or refrain from performing a particular act or acts with knowledge of the court's order. *Id.* (internal citations omitted).

"A civil contempt sanction is coercive rather than punitive and is intended to force a recalcitrant party to comply with a command of the court." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). However, civil contempt can serve two different purposes: (1) it can enforce, through coerciveness, compliance with a court's order; or (2) it can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct. *Petroleos Mexicanos*, 826 F.2d 392, 400 (5th Cir. 1987). Nonetheless, the court must exercise its power with discretion, and some courts have held that the power should be used sparingly. *Richland Parish*, 421 F.Supp. at 975.

**B.     Sanctions**

Federal Rule of Civil Procedure 37 authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders. *Chilcutt v. U.S.*, 4 F.3d 1313, 1319-1320 (5th Cir. 1993). A "court's discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited." *Id.*

Fed.R.Civ.P 37(b)(2)(A) provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in where the action is pending may issue further just orders. They may include the following: (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

Additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C); *see also* Fed.R.Civ.P. 37(d)(1)(A)(ii), (c)(1).

The Fifth Circuit has noted that sanctions under Rule 37 are "predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970); *see also Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir.1992) (reasoning that "sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant.").

**III.   Analysis**

In support of their motion, the Coate Defendants argue that the Martins continue to refuse to abide by the orders of this Court, even after being told by the undersigned on January 18, 2012 that they were in violation of binding Court orders. The Coate Defendants argue that more than ten (10) days have past since the undersigned orally ordered the Martins to supplement their discovery

6

responses, yet the Martins have not done so. The Coate Defendants further contend that the Martins have not filed an appeal of any of the Court's orders, despite counsel for the Martins' contention that he intended to do so. Because the Martins have failed to supplement their discovery responses, and because the Martins have failed to pay the amount of fees due *or* file an appeal of the undersigned's order setting the amount of fees due, the Coate Defendants argue that the Martins should be held in contempt of court and sanctions should be awarded against them.

In their written opposition, the Martins argue that the undersigned has not issued a written order. Thus, counsel for the Martins has no order to examine and review - and cannot seek review with the District Court. The Martins further argue that a contempt finding and/or sanctions for the Martins' alleged failure to obey an order which has not been issued and whose reasons and instructions are not yet known is improper.

During the hearing on the matter, the Court noted the continuing miscommunication and lack of formality between the parties. The Court further asked counsel for the Martins to explain why he refused to supplement his discovery responses, as ordered by the Court. In response, counsel insisted that his clients had produced all responsive documents. Interestingly, he also insisted that his clients "did not have anything." The Court further inquired whether the Martins correlated their previous responses to the Coate Defendants' discovery responses, and whether they had stated in their previous response if responsive documents did not exist to particular requests. In response, counsel for the Martins stated that he did not recall. When asked whether the Martins had issued a written discovery response, counsel for the Martins responded that they had not. Instead, they sent the Coate Defendants an email with various documents attached.

Accordingly, the Court orally ordered the Martins to (1) send the Coate Defendants written discovery responses; (2) state in their written discovery responses if responsive documents did not exist to particular request; and (3) provide the Coate Defendants with an updated supplemental document production and correlate the documents produced with the Coate Defendants' requests for production of documents no later than 3:00 p.m. on March 11, 2012, and carbon copy the Court in their electronic communication at the Court's e-file email address.[2] The Court further denied the Coate Defendants' Motion for Contempt.

According,

**IT IS ORDERED** that the Coate Defendants' **Motion for Contempt (R. Doc. 260)** is **DENIED**.

New Orleans, Louisiana, this 11th day of June 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]On the same day, the Martins complied with the Court's order by providing the Coate Defendants with written discovery responses and a supplemental document production, and carbon copying the Court in their electronic communication to the Coate Defendants at the Court's e-file email address.