UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOYD RAYMOND MARTIN, III, ET AL. | CIVIL ACTION |
| VERSUS | NO: 09-4195 |
| FIDELITY NATIONAL TITLE, ET AL. | SECTION: R(4) |

**ORDER AND REASONS**

Before the Court is plaintiffs' motion to vacate judgment pursuant to Federal Rule of Civil Procedure Rule 60(b).[1] For the following reasons, the Court DENIES the motion.

**I.   BACKGROUND**

Plaintiffs Lloyd Martin, III, and Nicole Martin filed suit against Fidelity National Title Insurance Company regarding a title insurance contract dispute.[2] The factual background of that dispute is not relevant to this motion. On September 11, 2012, Judge Milazzo granted summary judgment in favor of Fidelity and dismissed the Martins' claims against it.[3] On April 16, 2013, Judge Milazzo entered final judgment in the case and

---

[1]   R. Doc. 406-2.

[2]   R. Doc. 1.

[3]   R. Doc. 366.

1

certified the September 11, 2012 summary judgment order as final and appealable.

The Martins appealed to the Fifth Circuit Court of Appeals. On August 5, 2013, the Fifth Circuit affirmed Judge Milazzo's grant of summary judgment in Fidelity's favor.[4]  Later that month, on August 27, 2013, Judge Milazzo disqualified herself from the case and ordered the case transferred to a different section of the court.[5]

Over a year later, on September 3, 2014, the Martins moved this section of the Court to vacate Judge Milazzo's September 2012 summary judgment order under Federal Rule of Civil Procedure 60(b).  They argue that Judge Milazzo's self-disqualification justifies relief under the rule.

## II.  DISCUSSION

Rule 60(b) provides six reasons for which a district court may grant relief from a final judgment.  Fed. R. Civ. P. 60(b). The burden of establishing at least one of the reasons is on the moving party, and the district court enjoys broad discretion in assessing whether any of the reasons are present in a given case. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

---

[4]    R. Doc. 398.

[5]    R. Doc. 397.

The Martins request relief under two of the six reasons. First, they request relief under Rule 60(b)(2), which permits relief when a party comes forward with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  But the Martins are not entitled to relief under Rule 60(b)(2), for two reasons.

First, although the Martins contend that the "newly discovered evidence" regarding Judge Milazzo's self-disqualification merits relief, this reference to "newly discovered evidence" is not the type of merits evidence to which Rule 60(b)(2) refers.  Second, the Martins' motion under Rule 60(b)(2) is untimely.  Motions brought pursuant to Rule 60(b)(2) must be filed within one year of entry of the judgment from which the party seeks relief.  Fed. R. Civ. P. 60(c)(1).  Here, the Martins filed their Rule 60 motion nearly 17 months after Judge Milazzo entered final judgment.  Thus, the Martins are time-barred from moving under Rule 60(b)(2).

In the alternative, the Martins request relief under Rule 60(b)(6).  Under Rule 60(b)(6), a court may grant relief from a final judgment or order for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6). This relief is "extraordinary," and the movant bears the burden of demonstrating the exceptional circumstances that warrant

relief. *See Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) (citing *Klapprott v. United States*, 335 U.S. 601, 613-14, 69 S. Ct. 384, 390 (1949)).

To determine whether Rule 60(b) relief is appropriate, a district court considers the following factors:

> (1) final judgments should not be lightly disturbed; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was filed within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether—if the judgment was rendered after a trial on the merits—the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962). "[T]hese factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments." *Id*. Thus, the Court considers the Martins' arguments in the context of these factors.

At the outset, the first factor highlights the importance of preserving the finality of judgments. As the Fifth Circuit has explained, "the desirability of orderliness and predictability in the judicial process speaks for caution in the reopening of

4

judgments." *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977). This factor always weighs against re-opening a judgment.

The second factor instructs the Court that Rule 60(b) motions should not be permitted as substitutes for timely appeals. Here, the conflicts issue raised by the Martins in their Rule 60 motion is orthogonal to the merits of their case, which they have already taken up on appeal. Thus, their Rule 60 motion is not an attempt to substitute a review by the district court in place of an appeal. The Court concludes that this factors weighs neither for nor against the Martins.

The Court considers the third factor below, together with the seventh and eighth factors. Thus, the Court turns next to the fourth factor, which asks whether the motion was filed within a reasonable time. "What constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 702 n.5 (5th Cir. 2014) (quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992)). Here, the Martins filed their Rule 60 motion nearly 17 months after the entry of final judgment, and more than a year after the entry of the re-allotment order about which they complain. The Court concludes that the Martins' delay of over a year is not reasonable.

The Martins attempt to excuse their delay by explaining that their "current counsel of record" did not receive notice of the re-allotment order at the time it was entered.[6] Small wonder: their "current" counsel of record, Pascal Calogero, did not enter an appearance in this Court until a year *after* the allotment order entered the record.[7] The Martins do not suggest that their counsel of record *at the time the re-allotment order was entered*, Danny Abel, did not receive timely notice. So presumably he did. That the Martins have since changed counsel does not excuse their choice to wait over a year after the entry of the re-allotment order before applying for Rule 60 relief. The Martins' failure to file their motion within a reasonable time weighs against relief under Rule 60.

Factors five and six direct the Court to consider the robustness of the proceedings leading to the final judgment. Rule 60 relief has long been "most liberally" applied to default judgments. *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008). As the Fifth Circuit has explained, the Rule's "main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence." *Fackelman*, 564 F.2d at 735.

---

[6]    R. Doc. 406-3 at 10.

[7]    *See* R. Doc. 408.

This is not a default judgment case.  The Martins fully litigated their original case before Judge Milazzo and then appealed Judge Milazzo's summary judgment order to the Fifth Circuit.  There, the decision received *de novo* review.  *See Lindquist v. City of Pasadena Texas*, 669 F.3d 225, 232 (5th Cir. 2012).  The Fifth Circuit issued a detailed, eleven-page opinion affirming summary judgment.  Although the Martins suggest that Judge Milazzo's later self-disqualification undermines the appearance of impartiality of her original summary judgment order, they do not discuss how the Court should weigh in its Rule 60 analysis the Fifth Circuit's *de novo* review of that order.  Since the Martins received a robust review on the merits by an unconflicted panel of the Fifth Circuit, they cannot argue that theirs is a case in which "the true merits . . . might never be considered."  *Fackelman*, 564 F.2d at 735.  Thus, factors five and six weigh against providing Rule 60 relief.

Finally, factors three, seven, and eight direct the Court's attention to the equities of the situation.  The Martins argue that Judge Milazzo's self recusal presents an "appearance of injustice" that justifies relief under Rule 60.[8]  The Martins rely primarily on *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988) and *Potashnick v. Port City Construction Co.*, 609 F.2d 1101 (5th Cir. 1980), for the proposition that relief

---

[8]     R. Doc. 406-3 at 7.

from judgment is the appropriate remedy here.  But *Liljeberg* and *Potashnick* are easily distinguishable from this case.

The district judge in *Liljeberg* tried a property case over two days without a jury, making "critical" fact findings about disputed issues of fact.  *Liljeberg*, 486 U.S. at 855.  *Potashnick* also involved a district judge sitting as fact-finder--for a 33-day trial, in that case.  *Potashnick*, 609 F.2d at 1106.  In contrast, here, in ruling on a summary judgment motion, Judge Milazzo lacked the ability to decide disputed factual issues or make credibility determinations.  *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (in the context of Rule 56, courts consider "all of the evidence in the record but refrain from making credibility determinations or weighing the evidence").  Thus, when the Fifth Circuit received this case on appeal, it received a record identical to the record Judge Milazzo received.  And on the basis of that record, the Fifth Circuit conducted its *de novo* review.  The Court concludes that the Fifth Circuit's impartial fresh look at the record goes a long way toward mitigating any "hint or appearance of bias" that may have been introduced by Judge Milazzo's after-the-fact self disqualification.  *Potashnick*, 609 F.2d at 1111.

In addition, under factors three, seven, and eight, the Court must take into account the other equitable considerations

8

presented here.  In particular, the Court must consider the equitable interests of the other parties in this litigation, including the possibility that reopening the judgment will "unfairly prejudice the opposing party."  *Fackelman*, 564 F.2d at 736 (citing *Carver v. Liberty Mutual Insurance Co.*, 277 F.2d 105 (5th Cir. 1960)).  Here, Fidelity cooperated in preparing this case for appeal by stipulating to the dismissal of its claims against various third-party defendants and joining in the Martins' motion for a final judgment.[9]  It then litigated this case through appeal and won.  Now, over a year after the Fifth Circuit entered judgment in Fidelity's favor, the Martins seek to reopen the underlying summary judgment order.  Under these circumstances, the principles of finality of judgments and predictability of judicial process weigh against reopening the judgment.

After considering the Fifth Circuit's eight factors, the Court concludes that the Martins have failed to establish the kind of exceptional circumstances necessary to warrant relief from final judgment under Rule 60(b)(6).  Therefore, the Court denies the motion.

---

[9]   *See* R. Docs. 390 and 392.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES the Martins' motion to vacate judgment.

New Orleans, Louisiana, this 23rd day of February, 2015.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE